UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GRACE ENGINEERING CORP.,
a Michigan corporation,

        Plaintiff,

v.

ELITE OUTDOORS, LLC,
a Delaware limited liability company,

        Defendant.

_____/

Case No. _____

Hon. _____

**COMPLAINT**

R. Michael Azzi (P74508)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon NW
Grand Rapids, MI 49503
Telephone: (616) 752-2000
razzi@wnj.com

*Attorneys for Plaintiff*

---

Plaintiff Grace Engineering Corporation ("Grace") states as its Complaint against Defendant Elite Outdoors, LLC as follows:

### The Parties

1. Grace is a Michigan corporation having its headquarters and principal place of business at 34775 Potter Street, Memphis, Michigan. Grace designs, manufactures, and sells a wide-range of archery equipment, including compound archery bows incorporating state-of-the-art cam system designs.

2. Defendant is a Delaware limited liability company having its headquarters and principal place of business at 235 Middle Road, Henrietta, New York 14467. Defendant designs,

manufacturers, and sells archery equipment, including compound archery bows that infringe certain U.S. Patents owned by Grace.

## Jurisdiction and Venue

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and seeks monetary and equitable relief under the patent laws, as well as relief under the Declaratory Judgment Act.

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201.

5. Defendant makes, sells, and offers for sale compound archery bows throughout the United States and has systematic and continuous dealings within this District, including without limitation selling compound archery bows both online and through a number of "brick-and-mortar" dealers located in this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400.

## Background

7. For years, Grace has continuously engaged in the development, manufacture, and sale of a wide variety of archery products, becoming one of the leading sources for archery equipment in the United States. The archery products at issue in this litigation are compound archery bows.

8. Grace has taken steps over the years to protect its innovative archery products. In particular, Grace is and has been the sole owner by assignment of all right, title, and interest to each of the following United States patents: (a) U.S. Patent No. 8,281,774 ("**'774 Patent**"), titled "Cam Adjustment Module for Compound Archery Bow" and issued October 9, 2012 (**Exhibit 1**); and (b) United States Patent No. 8,671,925 ("**'925 Patent**"), titled "Cam Adjustment Module

for Compound Archery Bow" and issued March 18, 2014 (**Exhibit 2**) (collectively, the "**Grace Patents**").

9. At all times relevant to this litigation, Grace has consistently engaged in patent marking since at least 2013 related to its products, thus providing notice of the Grace Patents.

10. Grace is entitled to sue for past, present, and future infringement of each of the Grace Patents.

11. Defendant is in the business of manufacturing, offering to sell, selling or importing into the United States various archery products, including compound archery bows, in competition with major manufacturers, including Grace.

12. Defendant has, without authority or license from Grace, made, used, offered to sell, sold or imported into the United States compound archery bows that are covered by one or more claims of the Grace Patents. The infringing compound archery bows include, but are not limited to, the Answer, Hunter, Pulse, Pure, Tour, Energy 32, Energy 35, Energy 35 ENS, Spirit, Tour ESX, Tour, Victory, and Synergy (the "**Elite Bows**").

13. Upon information and belief, Defendant was aware of the Grace Patents at least as early as 2012, because Grace brought the '744 Patent to Elite's attention.

14. Despite notice of the Grace Patents and notice that it was infringing the Grace Patents, Defendant continued its infringement without a reasonable basis for doing so and was thus objectively reckless in continuing its infringing activity.

15. Moreover, Defendant actively and purposefully encourages infringement of the Grace Patents through at least its marketing or sales activities directed at its third-party customers.

## COUNT I
### (Infringement of the '774 Patent)

16. Grace incorporates by reference all preceding paragraphs.

17. Defendant has been and still is making, using, offering to sell, selling or importing into the United States compound archery bows, including, but not limited to, the Elite Bows, which infringe the '774 Patent in violation of 35 U.S.C. § 271(a).

18. With knowledge of the Grace patents, Defendant has been and still is actively inducing others to infringe the '774 Patent, while knowing that the others' use of the product constitutes infringement, in violation of 35 U.S.C. § 271(b).

19. Defendant's infringement of the '774 Patent as it relates to the Elite Bows has been intentional and willful, making this an exceptional case.

20. Defendant's continued infringement of the '774 Patent has damaged and will continue to damage Grace.

21. By reason of Defendant's infringement of the '774 Patent, Grace has been irreparably harmed, and unless and until Defendant is enjoined by this Court, Grace will continue to suffer irreparable damage and injury for which it has no adequate remedy at law.

## COUNT II
### (Infringement of the '925 Patent)

22. Grace incorporates by reference all preceding paragraphs.

23. Defendant has been and still is making, using, offering to sell, selling or importing into the United States compound archery bows, including, but not limited to, the Elite Bows, which infringe the '925 Patent in violation of 35 U.S.C. § 271(a).

24. With knowledge of the Grace patents, Defendant has been and still is actively inducing others to infringe the '925 Patent, while knowing that the others' use of the product constitutes infringement, in violation of 35 U.S.C. § 271(b).

25. Defendant's infringement of the '925 Patent as it relates to the Elite Bows has been intentional and willful, making this an exceptional case.

26. Defendant's continued infringement of the '925 Patent has damaged and will continue to damage Grace.

27. By reason of Defendant's infringement of the '925 Patent, Grace has been irreparably harmed, and unless and until Defendant is enjoined by this Court, Grace will continue to suffer irreparable damage and injury for which it has no adequate remedy at law.

## COUNT III
**(Declaratory Judgment related to '679 Patent)**

28. Grace incorporates by reference all preceding paragraphs.

29. In September 2014, Grace contacted Elite to propose a license to the '925 and '774 Patents.

30. On September 9, 2014, Elite responded to Grace's proposal, threatening in its letter that if Grace pursued enforcement of its rights under the '925 and '774 Patents, Elite would sue Grace for patent infringement of U.S. Patent No. 8,006,679, titled "Two Track System for Dual Cam Compound Bow" and issued August 30, 2011 (the "**'679 Patent**") ("**Exhibit 3**").

31. There exists an actual controversy between Grace and Elite regarding the '679 Patent.

32. Elite has charged Grace with infringement of the '679 Patent due to Grace's ongoing sale of certain compound archery bows. However, Grace has a valid and enforceable

license from Elite to use the '679 Patent, and accordingly, does not infringe the '679 Patent because it is not using the Patent without authorization from Elite ("**Exhibit 4**").

**WHEREFORE**, Grace respectfully requests the following relief:

A. Judgment that Defendant has infringed and actively induced others to infringe the Grace Patents and that Grace does not infringe Elite's '679 Patent;

B. A permanent injunction enjoining Defendant, its officers, employees, agents, and all others acting in concert with it or participating with it from further infringement and/or inducement of infringement of the Grace Patents;

C. An award of damages adequate to compensate Grace for Defendant's infringement, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D. Enter an order trebling all damages awarded to Grace by reason of Defendant's willful infringement of the Grace Patents, pursuant to 35 U.S.C. § 284;

E. Enter an order awarding Grace interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

F. Enter an order finding that this is an exceptional case and award Grace its reasonable costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G. Award such other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Grace demands a trial by jury.

Respectfully submitted,

Dated: October 9, 2014     By:    /s/ R. Michael Azzi
                                               R. Michael Azzi (P74508)
                                               *Attorneys for Plaintiff*

11349001-1